IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                          CASE NO. 22-00802(MCF)

BLD REALTY INC.

_____

BLD REALTY INC.                                 ADVERSARY CASE NO. 22-00034(MCF)
Plaintiff

Vs.

PERFECT PRICE INC., ET AL
Defendants

## OPINION AND ORDER

Perfect Price Inc., Perfecto Rivera Izquierdo, Latin Investment Corp., Ramon Clas Vazquez, Michale Pabon Rivera, and Productos La Perfecta Corp. ("Defendants") have failed to comply with this court's discovery orders.  Having considered the motion for sanctions, Defendants' response, and all other related documents, we conclude that monetary sanctions are appropriate for the reasons set forth below.

Relevant Procedural History

BLD Realty Inc. ("Plaintiff") filed the present adversary procedure against Defendants on May 25, 2022. The case is for violation of the automatic stay, damages for tortious interference, and the piercing corporate veils, among others. Docket No. 1.  After various procedural issues, the Initial Scheduling Conference ("ISC") was held on April 18, 2023.  In the ISC, the parties were granted 135 days to conclude discovery, that is until August 31, 2023. Docket No 81.

On Augst 10, 2023, Plaintiff filed a motion to compel discovery. Docket No. 103.  In the motion, the Plaintiff asserted: i) that on April 5, 2023, submitted to Defendants a First Set of Interrogatories, Request for Admissions, and Production of Documents; ii) that on June 16, 2023, Defendants submitted a partial answer; and iii) that despite conferring with Defendants' attorney and exhausting all remedies and viable alternatives, Defendants have not provided complete answers.  Plaintiff requested the following remedies: i) to compel Defendants to produce the

-1-

documents requested; ii) to order Defendants to answer properly the interrogatories and request for admissions; and iii) to sanction Defendants for their actions.

On September 15, 2023, after an extension of time granted by this court, Defendants filed their opposition to Plaintiff's motion to compel discovery. Docket No. 113. In the same, Defendants asserted that they "oppose the motion to compel discovery because the information requested falls beyond the limits of Federal Rules of Civil Procedure 26(b)(1), inasmuch as the information requested is irrelevant and not proportional to the needs of the case, and not discoverable in Puerto Rico by virtue of various decisions of the Puerto Rico Supreme Court."[1]

Plaintiff filed its response to Defendants' opposition to the motion to compel discovery on September 29, 2023. Docket No. 123. In the same, Plaintiff asserted that one of the causes of action is a collection action of a judgment confirmed by the Supreme Court of Puerto Rico that Perfect Price and Perfecto Rivera have declined to pay, and that other causes of action relate to interference, conspiration, and collusion between Perfect Price, Perfecto Rivera, and all other Defendants against Plaintiff. Plaintiff asserted that the information requested from the Defendants, mainly their financial information, is essential to Plaintiff's discovery and resolution of the pending causes of action.[2]

After reviewing Plaintiff's motion to compel discovery, Defendants' opposition, and Plaintiff's response to the opposition, the court, on October 6, 2023, granted the motion to compel discovery and ordered Defendants "to fully answer interrogatories and request for admissions and to produce all documents that are responsive to Plaintiff's request for production of documents." Docket No. 126. Consequently, the parties were granted until January 31, 2024, to conclude discovery. At said time, no sanctions were imposed on the Defendants.

---

[1] Defendants cited two cases to support their position. In the case of GE Credit & Leasing Corp v. Concessionaires, Inc., 118 P.R. Dec. 32, 18 PR Offic. Trans. 38 (1986), the Supreme Court of Puerto Rico determined that the plaintiff did not show that defendant's financial status was in controversy nor that it was relevant to the issue at hand. In the case of Arturo M. Alfonso Brú v. Trane Export, Inc., 155 D.P.R. 158 , 2001 PRSC 129 (2001), the Supreme Court of Puerto Rico determined that the financial information requested was relevant to the controversy of the case for which it reversed the Puerto Rico Appellate Court that had limited the discovery of financial information.

[2] Plaintiff contended that "the record of the case shows innumerable attempts of these Defendants to hinder discovery of the true facts in the controversy, such a multiple Motions to Dismiss and Summary Judgements (sic) Objections to Discovery, unreasonable delays, etc."

In relation to this court order granting Plaintiff's motion to compel discovery, on October 20, 2023, Defendants filed a motion for reconsideration reaffirming their position that the financial information was irrelevant and not discoverable in Puerto Rico prior to judgment. Docket No. 133. Plaintiff filed its opposition to the motion for reconsideration six days later. Docket No. 135.

On November 1, 2023, this court issued an order denying the motion for reconsideration. Docket No. 136. On the same date, Plaintiff filed a motion requesting sanctions for Defendants' failure to comply with this court order regarding discovery. Docket No.137. Plaintiff argues that the Defendants provided it with letters authorizing third parties to supply the information requested in discovery. Plaintiff content that an authorization letter is not a production of document under the Federal Rules of Civil Procedure. Defendants assert in their response that the information requested was not in their possession but under their control for which they were providing the authorization letters. Docket No. 142.

On November 30, 2023, the court issued an order denying Plaintiff's motion for sanctions. Docket No. 144. Plaintiff then filed a motion for reconsideration and Defendants opposed. Dockets No. 147 and 148. Plaintiff filed a Sur-reply. Docket No. 150.

The court denied Plaintiff's motion for reconsideration; thus, no sanction was imposed on Defendants. Docket No. 154. However, on even date, this court, giving Defendants a second chance, ordered Defendants to comply within 21 days with the order issued on October 6, 2023, regarding Plaintiff's request for production of documents. The court specified that Defendants had to "produce responsive documents within their possession, custody, or control; which includes the obligation to produce documents in the possession of third parties that Defendants have the right of control over those documents." The court further warned Defendants that failure to comply with this court order could result in the imposition of sanctions as provided in Rules 26 and 37 of the Federal Rules of Civil Procedure. Docket No. 155.

On March 1, 2024, Defendants filed a motion in compliance with court order. Docket No. 158. In the same, Defendants sustained that they have complied with this court order by providing

Plaintiff with authorizations for Plaintiff to obtain directly from the custodian of the records bank accounts and tax returns. In support to their position, Defendants refer to this court order denying Plaintiff's request for sanctions.

On March 4, 2024, Plaintiff filed a second motion to compel discovery and in the same request, for the third time, for sanctions to be imposed on the Defendants. Docket No. 159. Plaintiff asserted, in summary, that Defendants' actions, by insisting that they had comply with the court's order referring to the authorization letters while this court ordered the production of documents that were in possession of third parties and that Defendants had the right of control over those documents, are a mockery to the court and the Plaintiff. Plaintiff requested, pursuant Fed. R. Bank. P. 7037(b)(2)(A), that Defendants' pleadings be stricken and for the entering of a default judgment against Defendants. Defendants filed their opposition to the second motion to compel discovery on March 15, 2024, asserting that Plaintiff's motion is "predicated on the erroneous assumption" that the Defendants have failed to comply with the court's order. Docket No. 161. On March 22, 2024, Plaintiff filed a sur-reply and Defendants filed an opposition to the sur-reply on April 5, 2024, with similar arguments to their previous filed documents. Dockets No. 163 and 168.

Legal Analysis and Discussion

A. <u>Production of Documents Pursuant Rule 34</u>

Rule 7034 of the Federal Rules of Bankruptcy Procedure provides that Rule 34 of the Federal Rule of Civil Procedure applies in adversary proceedings. Fed R. Civ. P. 34(a) governs the production of documents in civil matters. Pursuant to Rule 34(a), a party must produce documents in response to a request for production where those documents are "in the responding party's possession, custody, or control[.]" <u>Costa v. Kerzner Int'l Resorts, Inc.</u>, 277 F.R.D. 468, 470 (S.D. Fla. 2011) (making reference to Fed R. Civ. P. 34(a)). The Federal Rules of Civil Procedure require production of documents "which are under the possession, custody or control of the party upon whom the request is served." <u>Ice Corporation v. Hamilton Sundstrand Corp.</u>, 245 F.R.D. 513, 516 & n. 10 (D. Kan. 2007)

Whether documents are in a parties' control under Rule 34 is broadly construed.  "Courts have universally held that documents are deemed to be within the possession, custody or control if the party has actual possession, custody or control or has the ***legal right to obtain the documents on demand***." Ice Corporation, 245 F.R.D. at 516-17 (citations and footnotes omitted, emphasis in original).  Legal ownership or actual physical possession is not required; documents are under a party's "control" when that party has the right, authority or ability to obtain those documents upon demand. Green v. Fulton, 157 F.R.D. 136, 142 (D. Me. 1994).  Thus, actual possession of the requested documents is not required.  A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document.  Soto v. City of Concord, 162 F.R.D. 603, 620 (N.D. Cal. 1995) (making reference to Buckley v. Vidal, 50 F.R.D. 271, 274 (S.D.N.Y. 1970)). See Best Western Int'l, Inc. v. Bhagirath, No. 12-0121, 2013 U.S. Dist. LEXIS 69032, 2013 WL 2147208, at 3 (M.D. La. May 14, 2013) (defendants were required to obtain and provide all documents, including but not limited to bank statements and accounting records, that they had a legal right or practical ability to obtain from a non-party).

In the present case there is no controversy as to whether Defendants have control over the documents requested by Plaintiff.  Defendants, in their motion in compliance with court's order and in response to motion requesting sanctions filed on November 15, 2023, admit having control over the requested documents sought by Plaintiff. Docket No. 142, pages 3-4.  On February 9, 2024, this court clearly ordered Defendants to produce the documents in the possession of third parties that Defendants have the right of control over those documents.  Defendants did not comply with this court order.

B.   Sanctions

Rule 37(b) provides for a range of sanctions for failure to obey discovery orders.  Once it is determined that a party failed to comply with a discovery order, the court may impose "just orders" or sanctions including:

    (i)      directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

    (ii)     prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)    striking pleadings in whole or in part;

(iv)    staying further proceedings until the order is obeyed;

(v)    dismissing the action or proceeding in whole or in part;

(vi)    rendering a default judgment against the disobedient party; or

(vii)    treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Suarez v. Liquid Blue, Inc., 2024 U.S. Dist. LEXIS 83169 (S.D.N.Y. May 7, 2024), (referring to Fed. R. Civ. P. 37(b)(2)(A)).

"Instead of or in addition to the orders above," Rule 37(b) provides that "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust'." Id. (citing Fed. R. Civ. P. 37(b)(2)(C)).   "Sanctions may be granted against a party under Rule 37(b)(2) if there is noncompliance with an order, 'notwithstanding a lack of wilfulness [sic] or bad faith, although such factors are relevant . . . to the sanction to be imposed for the failure.'" Id. (citing Henry v. Miller, 2019 U.S.Dist. LEXIS 154424, 2019 WL 5865643, at *2 (S.D.N.Y. Sept. 9, 2019)).

Under the court's broad discretion to order sanctions under this Rule,  numerous factors are relevant to the exercise of this discretion, "including: (1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the prejudice to the other party; (4) the duration of the period of noncompliance, and (5) whether the non-compliant party had been warned of the consequences of his non-compliance." Handwerker v. AT&T Corp., 211 F.R.D. 203, 208 (S.D.N.Y. 2002). "In addition, an award of sanctions under Rule 37 should effectuate its three purposes: (1) ensuring the disobedient party does not benefit from non-compliance; (2) obtaining compliance with discovery orders; and (3) providing a general deterrent in the particular case and litigation in general." Id.

Defendants have failed to comply with court discovery orders in this action.  On October 6, 2023, the court ordered Defendants to produce all documents that were responsive to Plaintiff's request for production of documents.  Then, on February 9, 2024, this court ordered Defendants, again, to produce responsive documents within their possession, custody, or control.  This second time, the court even specified that Defendants had to produce documents in the possession of

-6-

third parties that Defendants have the right of control over those documents.  Defendants have failed to comply with this court's orders.

The court finds that at this moment monetary sanctions are appropriate.  Defendants were warned about the consequences of not complying with this court's order. Defendants' noncompliance has been an issue in this action for nearly seven months, delaying the proceedings and causing Plaintiff to incur in additional costs pursuing discovery disputes.  Plaintiff is entitled to attorneys' fees and costs incurred in connection with its efforts to obtain the discovery to which it is entitled.

Defendants shall pay Plaintiff's reasonable attorneys' fees and costs incurred to obtain the discovery to which Plaintiff is entitled. Plaintiff is directed to file a fee application, supported by declarations or affidavits substantiating its application, consistent with this opinion and order by June 21, 2024. Defendants may respond to that application by July 8, 2024, and Plaintiff may submit a reply by July 22, 2024. No sur-replies are allowed.

Plaintiff's second motion to compel discovery on Docket No. 159 is granted.  Defendants shall comply with this court orders and produce the requested documents within fourteen (14) days.  Should Defendants continue to fail to comply with the court's discovery orders, further sanctions may be warranted.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 7 day of June, 2024.

_____
MILDRED CABAN FLORES
United States Bankruptcy Judge

-7-