IN RE:

BLD REALTY INC.

Debtor

CASE NO. 22-00802 (MCF)

CHAPTER 11

BLD REALTY INC.

Plaintiff

v.

PERFECT PRICE INC.; PERFECTO RIVERA IZQUIERDO; LATIN INVESTMENT CORP.; RAMON CLAS VAZQUEZ; MICHAEL A. PABON RIVERA; PRODUCTOS LA PERFECTA, CORP.; JOHN DOE 1-5

Defendants

ADVERSARY CASE NO. 22-00034

## OPINION AND ORDER

Codefendant, Michael A. Pabon, moves for summary judgment as to him regarding the first, eight, ninth and tenth causes of action in the complaint (Docket No. 338).  The Plaintiff, BLD Realty Inc., opposes the motion for summary judgment (Docket No. 357).  For the reasons expressed below, the court grants in part as to first and eight counts of the complaint but denies in part as to the ninth and tenth counts of the complaint.

The Plaintiff, BLD Realty Inc., filed a ten-count complaint against various defendants.  In a prior opinion and order, the court dismissed the second, third, fourth, fifth, sixth, and seventh counts of the complaint (Docket No. 65).  The first, eighth, ninth, and tenth counts of the complaint survived.  The first cause of action seeks a declaratory judgment that the monies owned by co-defendants Perfecto Price, Inc. and Mr. Perfecto Rivera constitute property of the estate,

-1-

pursuant to 11 U.S.C. § 541.[1] The eight cause of action involves a turnover of property, pursuant to 11 U.S.C. § 542. The ninth cause of action seek damages for tortious interference and/or collusion, and the last count seeks to pierce the corporate veil. Pabon moves for summary judgment on the remaining counts.

Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56; Fed. R. Bankr. P. 7056.

In his motion for summary judgment, Pabon shows that he is not named as a party defendant in the first and eight counts of the complaint and that those counts should be denied as to him. We agree. It is undisputed that the first count centers around a local court judgment entered against codefendants Perfect Price, Inc. and Mr. Perfecto Rivera regarding past due rents owed to BLD. The eighth count seeks turnover of the rent monies. Pabon was never sued in the local court case nor was judgment entered against him. Nor is Pabon named in the allegations of the first and eight causes of action of the complaint. Pabon is therefore entitled to judgment in his favor.

Pabon, however, is not entitled to summary judgment as to the ninth and tenth counts of the complaint because these counts involve issues of controverted facts. The ninth action pertains to damages for tortious interference and/or collusion. The disputed facts are the existence of a contract and/or agreement between BLD and Triangle REO PR Corp. BLD owned two real properties. BLD had a mortgage with Triangle which allegedly was being paid from the rent monies received by Perfect Price, Inc. Mr. Perfect Rivera, president of Perfect Price, Inc., guaranteed the rental payment from his corporation to BLD. The complaint avers that while BLD and Triangle were negotiating a discount payoff amount, Perfect Price, Inc. and its owner ceased

---

[1] Unless otherwise indicated, all references to "Bankruptcy Code" or to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101-1532. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. All references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

to pay rent to BLD and interfered in the negotiations with Triangle. Then another corporation, Latin Investment Corp., purchased the mortgage note from Triangle. It is alleged that all the defendants are related and conspired to take BLD's two real properties. For those averments, BLD asserts in the tenth count that the corporate veil should be pierced. It is also controverted whether defendants' action interfered with the alleged contract and/or agreement as well as the dates of such alleged actions.

Consequently, Pabon is entitled to summary judgment in his favor for the first and eight counts but not as to the ninth and tenth counts of the complaint (Docket No. 338).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 6th day of February 2026.

_____
MILDRED CABAN FLORES
United States Bankruptcy Judge

-3-